O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| ANDREA MANN, | ) | Case No. EDCV 08-1338 AN |
|---|---|---|
| Plaintiff, | ) ) | ORDER AFFIRMING FINAL DECISION OF THE COMMISSIONER |
| v. | ) ) | |
| MICHAEL J. ASTRUE, COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | ) ) ) ) | |
| Defendant. | ) ) | |

Both parties have consented to proceed before the undersigned Magistrate Judge. In accordance with the Court's Case Management Order, the parties have filed the Joint Stipulation ("JS") and seek a dispositive order regarding the disputed issues set forth in the JS. The Court's decision is based upon the pleadings, the Administrative Record ("AR"), and the JS. The Court now rules as follows with respect to the three disputed issues that Plaintiff raised in the JS.

**<u>Issue #1</u>**

Plaintiff principally contends a reversal is warranted because the Administrative Law Judge ("ALJ") erred in finding her treating psychiatrist (Dr. Nguyen) opined that Plaintiff' Global Assessment of Functioning ("GAF") score was 55 when in fact Dr. Nguyen found it was 50 in his 4/22/05 mental status evaluation. (JS 2-3.)

///

Dr. Nguyen's 4/22/05 evaluation supports Plaintiff's contention that Dr. Nguyen opined Plaintiff's GAF score was 50, not 55 as the ALJ incorrectly reported in his decision. (AR 16, 330.) However, the Court finds this is a harmless error for the following reasons.

First, GAF is a scale that considers "a claimant's psychological, social, and occupational functioning on a hypothetical continuum of mental health-illness." Diagnostic and Statistical Manual of Mental Disorders (4th ed. 2000) ("DSM-IV") at 34. However, "[t]he Commissioner has determined the GAF scale 'does not have a direct correlation to the severity requirements in [the Social Security Administration's] mental disorder listings.' 65 Fed.Reg. 50,745, 50764-65 (Aug. 21, 2000)." *McFarland v. Astrue*, No. 06-35549, 2008 WL 2875315, \*\*1 (9th Cir. July 25, 2008)[1]; *see Hilliard v. Astrue*, No. CIV S-07-1759 KJM, 2009 WL 807461, \*3 n. 4 (E.D. Cal. Mar. 26, 2009) (finding the claimant's reliance on the GAF of 45 was misplaced because, by virtue of 65 Fed.Reg. 50,745, 50764-65, "the GAF does not correlate to the severity assessments utilized in Social Security disability determinations."). Consequently, an ALJ's failure to address specific GAF scores does not constitute legal error where the ALJ's assessment of a claimant's residual functional capacity ("RFC") accounts for the claimant's severe mental impairments, is not inconsistent with the assessed GAF score, and is otherwise supported by substantial evidence in the record. *McFarland*, *id.*; *see also Olds v. Astrue*, 2008 WL 339757, at \*4 (D. Kan. Feb.5, 2008) (a low GAF score does not alone determine disability, but it is a piece of evidence to be considered with the rest of the record) (citation omitted).

Second, the ALJ did consider Plaintiff's GAF in connection with evaluating her RFC in light of her alleged mental impairments. (AR 16.) As to her mental status, the ALJ concluded that Plaintiff had a severe, but non-disabling mental impairment consisting of depressive disorder not otherwise specified. (AR 11.) In reaching this

---

[1] Pursuant to F.R.A.P. 32.1, *McFarland* is cited for its persuasive value.

conclusion, the ALJ expressly considered the opinions expressed by Dr. Nguyen and a more recent, conflicting opinion expressed by an examining physician (Dr. Abejuela). (AR 16-17, 19.)

Dr. Nguyen diagnosed Plaintiff as suffering from a major depressive disorder, recurrent. (AR 330.)   His diagnosis was principally based upon his assessment that Plaintiff's GAF score was 50, and that her mood was depressed, irritable, and tearful; her thought process was tangential and circumstantial. (*Id*.)   However, Dr. Nguyen's evaluation shows he made the foregoing diagnosis and assessment of Plaintiff's GAF despite his additional findings that Plaintiff's perceptual process was within normal limits, her insight and judgment were fair, her memory was within normal limits, and she was oriented to person, place, time, and situation. (*Id*.)

The ALJ proceeded to explain that he gave more weight to Dr. Abejuela, who examined Plaintiff on September 6, 2007, about three months before the 11/27/07 hearing. (*Id*.)   The ALJ accurately reported that Dr. Abejuela opined that Plaintiff had: (1) no mental restrictions in her daily activities, (2) mild difficulties maintaining social functioning, concentration, persistence and pace, (3) no episodes of emotional deterioration in work-like situations, (4) the ability to understand, remember, and carry out simple instructions, (5) a mild impairment in her ability to understand, remember and carry out complex commands and respond to coworkers, supervisors, and the general public, and (6) a mild impairment in her ability to respond appropriately to usual work and her ability to deal with changes in a routine work setting. (AR 17.)   Dr. Abejuela opined that it was expected Plaintiff would continue taking her medications and that her psychiatric symptoms would dissipate in the next few months. (*Id*.) The ALJ's decision reflects that he found Dr. Abejuela's foregoing opinions were more persuasive because they were based upon Plaintiff's disclosures that she:  (1) had no suicidal ideations and no suicidal intention or plan; (2) had no feelings of guilt, helplessness, worthlessness or hopelessness; (3) was currently working part-time three and one-half hours a day as a program leader at a school and had done so a day before her examination; (4) had a

boyfriend who she sees once or twice a month; (5) had relationships with family, friends, neighbors and others that varied from fair to poor; and (6) had been living alone for the past one and one-half years and was capable of taking care of her hygiene and grooming without assistance. (AR 17, 19.)  Further, the ALJ's decision shows that he also discounted Dr. Nguyen's opinions about the severity of Plaintiff's depressive disorder and found that she retained the residual functional capacity to perform the full range of light work subject to the specific limitations identified in his decision because Dr. Nguyen's own treatment notes disclosed the following: (1) Plaintiff's complaints about memory problems were secondary to stressors rather than any clinical mental condition; (2) her mental treatment program was routine, conservative, and improved with medications as long as Plaintiff maintained her medication treatment; (3) on June 13, 2006, Plaintiff reported increased energy, increased enjoyment in being around others and less involvement in her adult daughter's relational conflicts; regularly went to her part-time job working with children. (AR 16-17.) An ALJ may favor an opinion expressed by an examining physician over the opinion of a treating physician as long as the ALJ gives clear and specific reasons that are supported by substantial evidence in the record. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001) (holding an examining physician's opinions based on independent clinical findings constitute "specific and legitimate reasons" for rejecting the treating physician's opinions and are substantial evidence on which ALJ may rely with respect to claimant's impairments and limitations); *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995) (same). The ALJ's aforementioned reasons for discounting Dr. Nguyen's opinion and giving more weight to Dr. Abejuela's opinion findings constitute specific and legitimate reasons supported by substantial evidence in the record. Moreover, these same reasons constitute clear and convincing reasons for rejecting Dr. Nguyen's opinion about Plaintiff's GAF, regardless of whether her score was 50 (as Dr. Nguyen actually found) or 55 (as the ALJ incorrectly reported in his decision). The GAF scale is divided into ten ranges of functioning. DSM-IV at 32, 34.  A GAF score of 50 (at the top of the 41-50 range) indicates "serious

symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) OR any serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job)." *Id*. at 34. In contrast, a GAF score of 55 (the middle of the 51 and 60 range) indicates "moderate symptom (e.g., flat affect and circumstantial speech, occasional panic attacks) OR moderate difficulty in social, occupational, or school functioning (e.g., few friends, conflicts with peers or co-workers.) *Id.* at 34. As discussed above, the treatment notes and reports of Drs. Nguyen and Abejuela collectively contradict and fail to support a finding that Plaintiff's GAF was 50 either on the date Dr. Nguyen made the evaluation and certainly do not support a finding that Plaintiff maintained a GAF of 50 for a continuous twelve month period. Indeed, Plaintiff's aforementioned admissions to Dr. Abejuela, combined with her statements to Dr. Nguyen, support the ALJ's finding that Dr. Nguyen's assessed GAF score was unreliable, merely a snapshot in time that was not supported by the overall medical evidence, and failed to show that she was disabled for a consecutive period of twelve months or longer. (AR 16).

To recap, in light of the limited importance of a GAF score and the ALJ's proper reliance on Dr. Abejuela's opinions, the ALJ's error of incorrectly reporting Dr. Nguyen found Plaintiff's GAF was 50 is a harmless error under the circumstances that does not warrant a reversal of the Commissioner's final decision. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) ("A decision of the ALJ will not be reversed for errors that are harmless").

Plaintiff is not entitled to relief based upon the first disputed issue.

### **Issue #2**

Plaintiff contends a reversal is warranted because the ALJ did not give proper consideration to the type, dosage, effectiveness and side effects of her medications because he failed to consider the following side effects: weight gain, irregularity, crazy dreams, thirst, upset stomach, dryness, lightheadedness and fatigue. (JS at 10-11 (citing AR at 217, 218, 224, 234).) She also contends the ALJ improperly failed to consider the

fact that her dosage of Prozac was increased. (JS at 11 (citing AR at 320).)

The present contention fails for the reason set forth by the Commissioner at pages 11 to 12 of the JS. (JS at 11-12.) First, the ALJ was not required to address undocumented side effects of medications. *See Miller v. Heckler*, 770 F.2d 845, 849 (9th Cir.1985) (ALJ properly rejected allegations of impairment from side effects of medication because claimant produced no clinical evidence showing that medications impaired his ability to work). Second, the ALJ was not required to address the alleged side effects because they did not interfere with Plaintiff's ability to work. *See Osenbrock v. Apfel*, 240 F.3d 1157, 1164 (9th Cir. 2001) (ALJ need not consider side effects where there were passing mentions of side effects but no evidence that side effects severe enough to interfere with ability to work). Third, although Plaintiff alleges that she suffers from the above side effects, she does not allege that they affect her ability to perform work-related activities. Indeed, during her administrative hearing, she testified that she did not suffer any side effects from her medications other than not sleeping well. (AR at 38.) As to the change in dosage of Prozac, Plaintiff does not show or explain how it affected her ability to perform work-related activities. There is no indication that the increased dosage was ineffective.

Plaintiff is not entitled to relief based upon the second disputed issue.

### Issue #3

Plaintiff contends the ALJ erred by failing to pose a hypothetical question to the vocational expert that included her GAF score of 50 and the side effects from her medications, i.e., the limitations discussed in Issues # 1 and 2. (JS at 14-15.)

The present contention fails because, as discussed above, the ALJ's residual functional capacity determination was proper in spite of Plaintiff's GAF score and alleged side effects. The ALJ was not required to incorporate Plaintiff's GAF score or side effects into his hypothetical questions. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217-1218 (9th Cir. 2005) (ALJ may rely on vocational expert testimony given in response to hypothetical question which contained all of the limitations supported by

1  substantial evidence.)

2  Plaintiff is not entitled to relief based upon the third disputed issue.

3

4  **Conclusion**

5  Based upon the foregoing, the Court finds the Commissioner's final decision is free
6  of legal error and supported by substantial evidence in the record. IT IS THEREFORE
7  ORDERED that a judgment be entered affirming the Commissioner's final decision and
8  dismissing this action with prejudice.

9

10 DATED: July 24, 2009            /s/ Arthur Nakazato
                                    ARTHUR NAKAZATO
11                                  UNITED STATES MAGISTRATE JUDGE